UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUO XIONG, #195419,

        Petitioner,

                                 CASE NO. 2:10-CV-11479
v.                                HONORABLE ARTHUR J. TARNOW

GREG MCGUIGGIN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Kuo Xiong ("Petitioner"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree criminal sexual conduct, Mich. Comp. L. § 750.520b(1)(a) (person under 13), following a jury trial in the Macomb County Circuit Court in 2006. He was originally sentenced as fourth habitual offender to life imprisonment, but then resentenced to 35 to 50 years imprisonment. In his pleadings, Petitioner raises claims concerning the prosecution's inquiry into plea negotiations, the veracity of a polygraph examiner's testimony, the admission of other acts evidence, the amendment of the charge, the jury selection, the effectiveness of trial counsel, and the prosecution's non-disclosure of evidence. For the reasons stated, the Court concludes that Petitioner has not properly exhausted his state court remedies as to four of his habeas claims and dismisses without

1

prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. PROCEDURAL HISTORY

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the admission of other acts evidence, the constitutionality and application of a state law provision as to such evidence, the prosecution's inquiry into prior plea negotiations, prosecutorial misconduct, the sufficiency of the evidence, the great weight of the evidence, an amendment to the charge, his sentence, and cumulative error. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded for resentencing. *People v. Xiong*, No. 270213, 2007 WL 2781027 (Mich. Ct. App. Sept. 25, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was initially held in abeyance and the denied. *People v. Xiong*, 483 Mich. 951, 764 N.W.2d 15 (April 17, 2009). Justices Kelly and Cavanagh would have decided on the merits the constitutionality of the statute allowing similar acts testimony. The trial court resentenced Petitioner as noted above and the Michigan Court of Appeals affirmed that sentence. *People v. Xiong*, No. 282087, 2009 WL 2850707 (Mich. Ct. App. Sept. 3, 2009) (unpublished). Petitioner did not further appeal this decision in the state courts.

Petitioner signed his federal habeas petition on February 28, 2010 and it was filed by the Court on April 13, 2010.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. It appears from his petition and the state court decisions that he has not presented his claims concerning polygraph examiner's testimony, the jury selection, the effectiveness of trial counsel, and the prosecution's non-disclosure of evidence to the state courts before instituting this action. Petitioner has thus failed to properly exhaust four of his habeas claims in the state courts before proceeding on federal habeas review.

3

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment

pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); *see also Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. Rule 13(1), on or about July 16, 2009.[1] Thus, the one-year limitations period began the next day and ran for just over seven months until Petitioner signed his federal habeas petition on February 28, 2010. The one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). While the time in which a habeas case is pending in federal court is not statutorily tolled, see *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled

---

[1]The Sixth Circuit has ruled that when a habeas petition challenges only the judgment of conviction and raises no challenge to re-sentencing, the one-year limitations period begins to run when the original conviction becomes final, not when the judgment of re-sentencing becomes final. *See Bachman v. Bagley*, 487 F.3d 979, 982-84 (6th Cir. 2007). The Court notes, however, that *Bachman* may have been undermined by *Burton v. Stewart*, 549 U.S. 147 (2007), where the Supreme Court stated that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means the sentence. The sentence is the judgment." *Id*. at 156-57 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). If such is the case, Petitioner's conviction did not become final until after his re-sentencing and related appeal (which includes the 56-day period for seeking leave to appeal with the Michigan Supreme Court) on October 29, 2009. Under this scenario, the statute of limitations poses even less of a concern as only four months of the one-year period ran before Petitioner dated his federal habeas petition on February 28, 2010.

by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Accordingly, more than four months of the one-year limitations period remains.  Petitioner thus has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so.  A stay is unnecessary.

Petitioner has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review.  Although he indicates that defense counsel is to blame for failing to raise issues on direct appeal, he has not explained why he has not presented those claims to the state courts on collateral review.  Moreover, his unexhausted claims appear to concern matters of federal law which may warrant further review.  His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the unexhausted claims, such action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to four of his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims (as previously presented to the state courts) within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 2, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 2, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary